# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

**ELMER and DIANNE OSBORN,**

       Plaintiff,

vs.                                                                 Civ. No. 04-762 ACT/RLP

**CANBERRA INDUSTRIES, INC.,**

       Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court on Defendant's Motion to Dismiss and Memorandum in Support Thereof filed July 12, 2004.  Docket No. 3.  Upon review of the pleadings and being otherwise advised in the premises, the Court finds that Defendant's Motion is well taken and will be granted.

Defendant, Canberra Industries, Inc. ("Defendant"), removed this matter to federal court on July 7, 2004.  Docket No. 4.  Plaintiffs' Complaint for Damages alleges wrongful termination, breach of implied contract and loss of consortium.  Defendant seeks a dismissal on the grounds that Plaintiff, Elmer Osborn ("Plaintiff"), released Defendant from liability under a signed agreement in connection with his severance package.  Plaintiff alleges he signed the agreement under duress.

Plaintiff was a Sales Engineer for Defendant.  Defendant's employee manual states that it is "the world's leading manufacturer of quality nuclear counting detection instrumentation."  Complaint, ¶3.  Plaintiff was hired on July 18, 2001.  He was responsible for the New Mexico region.  Prior to his termination, Plaintiff alleges he exceeded all of the Defendant's expectations and increased sales

1

by over 100%. Plaintiff further alleges that he was told that he would not be terminated as long as his performance was satisfactory. Nevertheless, on March 17, 2004, he was terminated and given a written statement that he was "unable to meet job requirements." Complaint, ¶11.

On the day of his termination Plaintiff was given an agreement concerning his separation from the Defendant. He signed the agreement that day. The agreement provides, in part, that:

1. Plaintiff has 21 days to consider the agreement;

2. Plaintiff is advised to consult with an attorney regarding the agreement;

3. Plaintiff has seven (7) days from signing the agreement to revoke the agreement;

4. If Plaintiff signs the agreement he would receive his base salary, $1,538.47 biweekly, for eight weeks, COBRA payments through the month of May 2004, and any accrued vacation; and

5. Plaintiff agrees "not to make any claims of any kind against the Company...and to release the Company from any claim, known or unknown, arising in any way from any actions by the Company...including, without limitation, any claim for wrongful discharge, breach of contract..." Motion, Exhibit A.

Legal Standard.

The Court is required to accept as true all well-pleaded facts alleged in Plaintiff's complaint when addressing a Fed.R.Civ.P. 12(b)(6) motion to dismiss. Housing Auth. of Kaw Tribe v. City of Ponca City, 952 F.2d 1183, 1187 (10th Cir. 1991)(citations omitted ),*cert. denied*, 504 U.S. 912 (1992). A complaint may be dismissed pursuant to Fed.R.Civ.P. 12(b)(6) only if the plaintiff can prove no set of facts in support of a claim which would entitle him to relief. David v.City and County of Denver, 101 F.3d 1344, 1352 (10th Cir. 1996), *cert. denied*, 522 U.S. 858 (1997).

In deciding a Rule 12(b)(6) motion, a federal court generally "should not look beyond the confines of the complaint itself." Dean Witter Reynolds, Inc. v. Howsam, 261 F.3d 956, 960 (10th Cir. 2001), *rev'd on other grounds*, 536 U.S. 79 (2002). There is an exception in that "if a plaintiff does not incorporate by reference or attach a document to its complaint, but the document is referred to in the complaint and is central to the plaintiff's claim, a defendant may submit an indisputably authentic copy to the court to be considered on a motion to dismiss." Id. at 961. This exception does not convert a motion to dismiss into a motion for summary judgment. In this matter, Plaintiff alleges in his Complaint that he signed an agreement and does not dispute the authenticity of the agreement attached by the Defendant. Thus, it is proper for the Court to consider the agreement. Id.

Wrongful termination and breach of implied contract.

A release of liability may be set aside under New Mexico law only if it can be shown by clear and convincing evidence that it was a product of misrepresentation, fraud, undue influence, coercion or mutual mistake; otherwise public policy favors amicable settlement of claims. Ellison v. Lovelace Health Sys., 2000 U.S. Dist. LEXIS 18017, *17 (D.N.M., 2000), *citing* Hendren v. Allstate Ins. Co., 100 N.M. 506, 508, 672 P.2d 1137, 1139 (Ct. App. 1983). Plaintiff alleges in his Complaint that he signed the agreement "under exceedingly great stress and emotional trauma...[h]aving the responsibility for the sole support of his wife, family and household, Mr. Osborn was coerced into signed the agreement." Complaint, ¶¶12-13. Whether particular facts are sufficient to constitute duress is a question of law. Gibson v. Wal-Mart Stores, Inc., 181 F.3d 1163, 1168 (10th Cir. 1999). Duress is defined as "any wrongful act of one person that compels a manifestation of apparent assent by another to a transaction without his volition." Pecos Constr. Co. v. Mortgage Inv. Co. of El Paso, 80 N.M. 680, 682, 459 P.2d 842, 844 (1969).

Plaintiff alleges financial pressures caused him to sign the agreement. Financial pressures and needs do not establish coercion, duress or a wrongful act by the Defendant. Ellison at *17 (*citing* Bennett v. Coors Brewing Co., 189 F.3d 1221, 1230-31 (10th Cir. 1999)); White v. General Motors Corp., 699 F. Supp. 1485, 1487 (D. Kan. 1988)("While Plaintiffs were presented with two undesirable choices, this fact alone is not sufficient to constitute duress. Plaintiff....could have chosen to allow GM to fire them...and then pursued GM in court for wrongful discharge and/or breach of implied contract."); Phillips v. Moore, 164 F. Supp. 2d 1245 (D. Kan. 2001).

Plaintiff's reliance on Pecos Constr. Co., Inc , 80 N.M. at 682 and First National Bank in Albuquerque v. Sanchez, 112 N.M. 317, 321, 815 P.2d 613 (1991) is misplaced. In these cases, the Court found that the Defendants had acted wrongfully. Id. The Court specifically found that changing the terms of construction loans after initial disbursements and other monies had been spent on the construction projects was a wrongful act. Plaintiff does not allege that employees of the Defendant engaged in wrongful conduct by which he was forced to sign the agreement.

Moreover, in looking at the "totality of the circumstances," it is clear that Plaintiff voluntarily waived his right to bring employment related claims. To determine the voluntariness of a waiver, factors to be considered include:

> (1) the clarity and specificity of the release language, (2) the plaintiff's education and business experience; (3) the amount of time plaintiff had for deliberation about the release before signing it; (4) whether plaintiff knew or should have known his rights upon execution of the release; (5) whether plaintiff was encouraged to seek, or in fact received benefit of counsel; (6) whether there was an opportunity for negotiation of the terms of the Agreement; and (7) whether the consideration given in exchange for the waiver and accepted by the employee exceeds the benefits to which the employee was already entitled by contract or law.

Torrez v. Public Serv. Co. of New Mexico, 908 F.2d 687, 689 (10th Cir. 1990).

In this matter, the release language is clear and specific. The agreement clearly mentions waiver of employment related claims. Though there is little information regarding Plaintiff's education and business experience, it is clear from the Complaint that he was given and held a responsible sales position with the "world's leading manufacturer of quality nuclear counting detection instrumentation." Complaint, ¶3. Plaintiff had 21 days to sign the agreement. Although he signed the agreement on the day he received it, he had seven (7) days to revoke the agreement. Plaintiff does not assert that he did not know what he was signing but rather that he signed the agreement under stress. He was encouraged to seek advice of counsel. It does not appear that the agreement was negotiable; however, if Plaintiff had hired a attorney, he may have been able to obtain more money and benefits.

Concerning the final factor "[t]he question of the adequacy of the consideration turns not on whether the plaintiff received as much as [he] would have if [he] had litigated and won, but rather on whether [he] received something to which [he] was not already unquestionably entitled." Ellison, at *21. There are no facts before the court regarding whether Defendant was obligated to provide this severance package. However, what is not disputed is that Plaintiff accepted the benefits of the severance package. In sum, the mere pressure present when choosing between accepting additional benefits or pursuing legal rights does not indicate a lack of voluntariness. Bennett v. Coors Brewing Company, 189 F.3d 1221, 1231 (10th Cir. 1999).

For the above stated reasons, the wrongful termination and breach of implied contract claims will be dismissed.

Lack of consortium claim.

Plaintiff's wife's claim for loss of consortium also does not survive. Loss of consortium

5

derives from the underlying cause of action.  <u>Archer v. Roadrunner Trucking, Inc.</u>, 122 N.M. 703, 930 P.2d 1155 (1996).  Thus, the injured party must be entitled to general damages before a spouse is entitled to loss of consortium damages.  <u>Id</u>.

<u>Attorney's fees and costs.</u>

Defendant has asked for attorney's fees, costs and expenses pursuant to the terms of the Agreement.  Agreement, ¶5.  When attorney's fees and costs are requested pursuant to an agreement between the parties, "[t]he trial court's role is to determine if the claimed fees are inequitable or unreasonable. If so, the trial court has the discretion to deny or reduce the fee award.  However, the trial court is not responsible for independently calculating a 'reasonable' fee."  <u>United States ex rel. C.J.C.</u>, <u>Inc. v. Western States Mech. Contractors, Inc</u>., 834 F.2d 1533, 1549 (10th Cir. 1987).

The Defendant has not submitted any documentation regarding attorney's fees, expenses and costs.  Given the facts and circumstances of this case and considering the potential inequities, it is unlikely that the Court would award more than nominal attorney's fees and may deny any request for attorney's fees and costs.  However, if the Defendant would like to pursue the award of attorney's fees and costs, counsel for Defendant is to submit an itemized request for attorney's fees and costs with supporting documentation within ten (10) days of entry of this memorandum opinion and order. In the event Defendant submits such documents, Plaintiff will have five (5) days from date of service to submit any objections.

**IT IS THEREFORE ORDERED** that Defendant's Motion to Dismiss and Memorandum in Support Thereof [Docket No. 3] is granted and Plaintiff's Complaint for Damages is dismissed with prejudice.

**IT IS FURTHER ORDERED** that Defendant's request for attorney's fees, costs and

expenses is taken under advisement. If counsel for Defendant does not submit an itemized request for attorney's fees, costs and expenses within ten (10) days of entry of the Memorandum Opinion and Order the request will be deemed withdrawn.

_____
**UNITED STATES MAGISTRATE JUDGE
SITTING BY DESIGNATION**